STEBBINS *v.* HEATH.

MORTGAGES—FORECLOSURE—REDEMPTION—RESALE.

 A mortgagor's petition for a resale of the premises, which were
bid in by the mortgagee upon foreclosure, will be denied,
notwithstanding the latter promised to redeed to the mort-
gagor upon payment being made within a specified time
after sale, or to give still further time for redemption on
payment of a specified sum, where it appears that the mort-
gagor made no offer of payment within the period limited,
nor requested further time, but talked and acted as though he
had abandoned his purpose to redeem, in reliance upon which
the mortgagee paid prior incumbrances and taxes upon the
land, and went to a considerable expenditure of money, time,
and trouble

Appeal from Kent; Grove, J. Submitted January 5,
1898. Decided February 16, 1898.

Bill by Andrew J. Stebbins against Wilmer H. Heath
and others to foreclose a mortgage. From an order
denying a petition for a resale, defendant Wilmer H.
Heath appeals. Affirmed.

*Wolcott & Ward,* for appellant.

*Frank W. Hine,* for complainant.

HOOKER, J. The complainant took a consent decree
of foreclosure, and the proceedings up to the sale ap-
pear to have been regular. The sale was made in the
presence of the defendants and their solicitors, and the
premises were bid in by the complainant for the amount
due, which was figured and agreed to by the defendants.
The sale occurred on May 19, 1897, the report of sale was
made, and order *nisi* (of confirmation) was entered, upon
the same day. On the 2d day of June, 1897, the de-
fendant Heath filed a petition praying that a resale be

ordered unless the complainant should execute a deed to such party as should be designated and agreed upon by and between all of the defendants within 10 days. This petition was heard upon affidavits, and the prayer denied. The defendant Wilmer H. Heath has appealed.

The gist of the petition is that on the day of, and previous to, the sale, the defendants Heath and Hastings informed the complainant that it was their intention to redeem the land from the complainant's mortgage, and that they had on hand the amount necessary to pay him, but that parties from whom they were expecting to get the money required a release from the defendant Louise Holt Manchester, who held a prior mortgage on a part of the premises, amounting to $300, and that they did not have that sum, and that they requested that the sale be deferred, but that the complainant declined to consent to that, and it was agreed that he should be allowed to bid in the property for the amount of his claim, with the understanding that he would deed to any one designated by the defendants, at any time within one week, upon payment, and that, if they wanted further time, he would extend that arrangement 10 days for the sum of $10. It is further alleged that the land was struck off to the complainant; that, on the 27th day of May, Heath saw the complainant, and told him that the week was up, and that he could have the $10 if he wished, and complainant said that the payment of the $10 was unnecessary at that time, that the matter might rest, and he would take care of the interest of Heath; that on Tuesday, June 1st, he was prepared to pay the complainant, having succeeded in satisfying the party who was to loan him the money in regard to the Manchester interest, and called on complainant with one Burtch, who was to loan him the money, to ask about making certain arrangements in regard to the money, whereupon he was informed by the complainant that he should require the sum of $2,800 (being about $1,000 more than was bid at the sale by the complainant); that the complainant was informed that his

money was ready, and declined to receive it; and that Burtch is ready to pay the amount due to the complainant. Heath was the owner in fee of the premises until they were deeded to Hastings by himself and wife in trust, for what purpose he does not state. To support the petition, the affidavits of Heath and Hastings and their counsel were read, substantially supporting the allegations of the petition.

The complainant's affidavits set the matter out in a different light. His own affidavit states that the sale was originally advertised for May 10th, and was adjourned to the 19th upon request of Heath; that on that day he wanted more time, but complainant refused a further adjournment, but did promise to deed the premises to him on or before May 26th, on payment, and, if he wanted more time, he would give him 10 days more on payment of $10. He explicitly denies any bargain that others should not bid, and says that there was no one there to bid except the defendants, who confessedly had not the means to pay with if they had bid; that at that time Hastings refused to furnish the money, saying that he had already enough money invested in Heath. His affidavit states further that on the 27th day of May there was no request for further time, or offer of money, but Heath talked as though he had abandoned the matter, saying he had no more 10 dollars to pay out; that at that time he wanted complainant to borrow $1,800 of Burtch, and give petitioner a contract for the land, which was refused. Complainant shows further that after May 26th he paid prior incumbrances and taxes, and expended money, time, and trouble about the matter; that he is still willing to deed the premises, however, if he can be made whole, and paid other obligations which Heath owes him, to defeat the collection of which, he charges, Heath conveyed his property. He is corroborated by his solicitor as to the transaction on the day of sale; and the affidavit of the county treasurer shows that on May 27th Heath left with him a check to pay the taxes; that on

May 28th he received a telegram from Heath to hold the check, and the same day a message, over the telephone, that he had changed his mind, and would not pay the taxes,—that probably Stebbins would pay them; that he (the treasurer) requested Stebbins to pay them, telling him what Heath said, and Stebbins paid them.

We are of the opinion that the preponderance of evidence is with Stebbins. He bid the premises in fairly, and was under no obligation to concede any opportunity for redemption. Having done so, however, he appears to have been willing to carry it out. Now he is asked to forego his purchase and legal rights under it. A court of equity would always prefer to permit redemption, but cannot consistently do so in disregard of plain rights.

The circuit judge seems to have taken the same view of this evidence that we do, and his order is affirmed, with costs.

The other Justices concurred.